### CITY OF FLINT *v.* POTTER.

FRAUD—MISREPRESENTATION—APPRAISAL—CONDEMNATION.

Statement in a letter from one appraiser for city that after meetings with landowner and discussions with second appraiser it was agreed that city would not be justified in paying more than $33,500 for land later taken in uncontested condemnation proceedings at that value did not constitute a representation of the valuation of the second appraiser, and therefore could not be a fraudulent misrepresentation even though second appraiser valued land at $35,000.

Appeal from Genesee, Papp (Elza H.), J. Submitted Division 2 December 5, 1967, at Lansing. (Docket No. 1,905.)   Decided September 26, 1968.

Complaint by city of Flint, a municipal corporation, against Vera L. Potter and 16 others to acquire certain land for public use.   Verdict and judgment for plaintiff.   Defendant appeals.   Affirmed.

*Wade D. Withey,* for plaintiff.

*Andrew J. Transue,* for defendant.

T. G. KAVANAGH, J.   In 1963, the city of Flint began negotiating with property owners to buy land in the downtown area.   In July, 1965, condemnation proceedings were begun and a complaint signed by

---

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Eminent Domain § 444 *et seq.*

the city to determine the necessity of taking and just compensation for private property to be used as public parking facilities. Vera L. Potter, one of the property owners and appellant here, after discussions and correspondence with the city appraiser, and acting upon the advice of her son who had power of attorney, signed an option on July 13, 1965, providing the city an opportunity to purchase her land, which was being used as a parking lot, for $33,500. On September 10, 1965, when the city gave notice that it intended to take up its option, defendant's attorney, for tax purposes, requested that the matter be put before a condemnation jury for a decision, but assured that no contest would be offered by defendant. It was in the course of this uncontested trial on December 14, 1965, that the property owner heard the amount of $21,000 to be paid for a much smaller adjacent lot and thereupon decided that $33,500 was not just compensation for her lot. A request for a new trial was made on the grounds that the city appraiser, Mr. Davis, in dealing with the defendant throughout the time before the jury trial misrepresented facts to her which induced her to accept $33,500 without offering any contest at the jury trial.

Defendant-appellant's motion for a new trial was denied and from this denial she appeals.

The fraud asserted by the defendant is that Mr. Davis represented that Mr. Troxel, the other appraiser for the city, had appraised this property for $33,500 when he knew Mr. Troxel's appraisal was $35,000.

This representation, he asserts, was contained in a letter dated July 7, 1965, from Davis to defendant's agent which reads in part as follows:

"I was quite surprised, during our telephone conversation yesterday, when you informed me that,

after meeting with the family, they were insisting on $35,000 for the property owned by your mother on Clifford street. It occurred to me that perhaps they had forgotten that, when we started negotiating for this property in 1963, the city offered $30,000 which represented slightly over $5 per square foot; and, after several meetings with your mother or yourself as well as several discussions with Mr. Jay Troxel, who is the other appraiser involved in transactions for the city, the amount of $33,500 was agreed upon as the maximum amount that the city would be justified in paying for the property."

The trial court found that this did not constitute a material misrepresentation. We agree.

"The amount of $33,500 was agreed upon as the maximum amount that the city would be justified in paying for the property,"

is not a representation of the appraisal of Mr. Troxel or anybody else.

We find no error. Affirmed with costs to plaintiff.

QUINN, P. J., and LEVIN, J., concurred.